**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ANTOINE DESHOMMES,

Petitioner,

v. Case No. 3:26-cv-2321-WWB-PDB

WARDEN, FLORIDA BAKER CORRECTIONAL INSTITUTE, et al.,

Respondents.

---

**ORDER**

Petitioner is proceeding on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging, *inter alia*, that Immigration and Customs Enforcement's ("**ICE**") mandatory detention of him without an individualized bond hearing is unlawful seemingly under the Immigration and Nationality Act ("**INA**"). (Doc. 1 at 24).

Federal Respondents argue that because Petitioner was paroled into the United States, when his parole terminated, he was "restor[ed] [] to an applicant for admission subject to mandatory detention" under 8 U.S.C. § 1225(b)(2). (Doc. 10 at 4–5 (citing *Chanaguano Caiza v. Scott*, No. 1:25-CV-00500, 2025 WL 3013081, at *6 (D. Me. Oct. 28, 2025))). But the 2025 out-of-circuit district court case that Federal Respondents cite carries little persuasive value in light of *Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026).

In *Hernandez Alvarez*, the Eleventh Circuit held that "[t]he text of [8 U.S.C.] § 1225(b)(2)(A) is clear that mandatory detention applies only to . . . arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior."

175 F.4th at 1276. While the opinion did not specifically address the circumstance of an individual, like Petitioner, who had been paroled into the country and whose parole had since expired, the reasoning of the opinion is equally applicable to Petitioner. Petitioner was detained within the interior of the United States—not at the border. *See Hernandez Alvarez*, 175 F.4th at 1285 (recognizing "the longstanding border-interior distinction for purposes of [immigration] detention"). Also, he was not "seeking lawful entry after inspection and authorization by an immigration officer"—indeed, he was "not applying for entry in any literal sense when [he was] detained." *Id.* at 1269 (some internal quotation marks omitted); *see also Mendes v. Ripa*, No. 3:26-cv-118, 2026 WL 1396160, at *1 (M.D. Fla. May 19, 2026) (concluding that *Hernandez Alvarez* applies equally to a petitioner who was paroled into the country and detained in the interior after the parole term expired).[1]

As such, considering the opinion in *Hernandez Alvarez*, the Court grants Petitioner's claim that his mandatory detention without an individualized bond hearing under 8 U.S.C. § 1225(b)(2)(A) violates the INA.[2]

---

[1] Federal Respondents also argue that Petitioner's parole "allowed his otherwise mandatory § 1225[] detention to be suspended, subject, however, [to] the government's right to treat him 'as if stopped at the border.'" (Doc. 10 at 4 (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020))). But *Thuraissigiam* mentions only the detention status of aliens on parole, not post-termination of parole. 591 U.S. at 139.

[2] The Court notes it has previously found that aliens, like Petitioner, who entered the United States on parole and are detained after the expiration of that parole are subject to mandatory detention under § 1225(b)(2)(A). *See Abughali v. Warden, North Fla. Detention Ctr.*, No. 3:25-cv-1086-WWB-SJH (M.D. Fla. Feb. 2, 2026). While the Court disagrees with the majority's opinion in *Hernandez Alvarez*, finding Judge Lagoa's well-reasoned dissent to be an accurate interpretation of the law, it recognizes the precedential authority of *Hernandez Alvarez* and acknowledges that it is now the law of this circuit. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **GRANTED** to the extent that Petitioner is entitled to a bond hearing before an immigration judge in accordance with 8 U.S.C. § 1226(a).[3] Within **seven days** of the date of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.
2. The Warden's Motion to Dismiss (Doc. 9) is **DENIED**.
3. The Clerk is **DIRECTED** to enter judgment granting the Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on September 17, 2026.

---

otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[3] Because the Court grants relief on Petitioner's claim under the INA, it need not address Petitioner's other claims for relief. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative"); *see, e.g.*, *Pena-Gil v. Lyons*, No. 25-CV-03268, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025).

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c: Counsel of Record